Stephen O'Connor, Esq.
Texas Bar #24060351
Counsel for the Plaintiff
O'Connor & Associates, PLLC
7703 N. Lamar Blvd., Ste. 300
Austin, Texas 78752
Tel: (512) 617-9600
steve@oconnorimmigration.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| Eva ALONZO ALMENDAREZ, | :<br>: |
| *Plaintiff*, | : Docket No. 6:25-cv-482<br>: |
| v. | :<br>: |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; KRISTI NOEM, Secretary, United States Department of Homeland Security; ANGELICA ALFONSO-ROYALS, Acting Director of United States Citizenship and Immigration Services; and THOMAS SCHUURMAN, Director, Senior Executive Service, Nebraska Service Center, USCIS. | : **COMPLAINT FOR INJUNCTIVE AND**<br>: **MANDAMUS RELIEF**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| *Defendants*. | :<br>:<br>: |

## INTRODUCTION

1. Plaintiff Eva Alonzo brings this action against Defendants pursuant to 28 U.S.C. § 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 to compel action on Form I-765, Application for Employment Authorization (USCIS receipt # LIN2221850290), The application receipt is dated May 14, 2022, in work authorization category (c)(14) [referring to the regulation covering the specific DHS category of work authorization found at 8 C.F.R. § 274a.12(c)(14) ("an alien who has been granted deferred action, an act of administrative convenience to the government which gives some cases lower priority, if the alien establishes an economic necessity for employment." Exh. 2, I-765 receipt notice. The listed USCIS processing times for Form I-765 available at uscis.gov for this category as 3.5 months, see https://egov.uscis.gov/processing-times/ (last checked October 16, 2025). Her application for work authorization is outside normal processing times.

2. The United States Citizenship and Immigration Service (USCIS) issued Plaintiff a decision on January 15, 2025, decision receipt number #LIN2221850254, determining that her U visa application is bona fide. *See* Complaint for Mandamus, Exh. 1 ("Bona Fide Determination"). This decision, copied below, establishes her eligibility for the work authorization (her work permit application, as noted, dates from May 14, 2022, but did not lawfully become approvable until January 15, 2025, the date of the Bona Fide Determination decision. *See* Immigration and Nationality Act (INA) 214(p)(6)[1] ("The Secretary [of Homeland Security] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under [INA] section 101(a)(15)(U).")

---

[1] 8 U.S.C. §1184(p)(6).

3. The bona fide determination notice of January 15, 2025 for her U visa nonimmigrant application reads:

> On 05/23/2022, you submitted a Form I-918, Petition for U Nonimmigrant Status. As the statutory cap for U-1 nonimmigrant status has been reached for this fiscal year, U.S. Citizenship and Immigration Services (USCIS) may not grant U-1 nonimmigrant status to any petitioner until new visas become available. Under 8 U.S.C. 1184(p)(6) and 1103(a), the Department of Homeland Security (DHS) may conduct a bona fide determination, and if warranted as a matter of discretion, provide employment authorization and deferred action.
>
> At this time, the evidence demonstrates your petition for U nonimmigrant status is bona fide, and you warrant a favorable exercise of discretion to receive employment authorization and deferred action. Because USCIS has determined your petition is bona fide and you warrant a favorable exercise of discretion, you may be issued an employment authorization document and may be placed in deferred action. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal.
>
> Under 8 U.S.C. 1184(p)(6), if USCIS determines your petition is bona fide, you may submit a Form I-765, Application for Employment Authorization with this office. USCIS grants employment authorization based on the bona fide determination and favorable exercise of discretion described above under 8 U.S.C. 1184(p)(6), as well as under 8 CFR 274a.12(c)(14), which gives the agency the authority to provide employment authorization to noncitizens placed in deferred action. You filed a Form I-765 based on your pending Form I-918, which USCIS has determined is bona fide. Please be aware that your currently filed Form I-765 will be adjudicated as if it were filed under 8 CFR, section 274a.12(c)(14). You will receive separate correspondence regarding the adjudication of your Form I-765.

4. Nonetheless, Defendants have taken no action on her Form I-765. This mandamus action seeks to compel Defendants to adjudicate Plaintiff's I-765 petition without further delay, as required by the Administrative Procedure Act ("APA") and the Mandamus Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted in this action under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651.

6. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 because Plaintiff is aggrieved by adverse agency action which the Court is authorized to remedy under the APA, 5 U.S.C. § 702.

7. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 2201-02 which authorizes the issuance of declaratory judgments.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where Plaintiff resides.

## THE PARTIES

7. Plaintiff, Eva Alonzo, is a citizen of the United States who resides in Belton, Texas, within the jurisdiction of this Court. Plaintiff filed an application for work authorization (Form I-1765) under section 214(p)(6) and of the INA, 8 C.F.R. §274a.12(c)(14) on May 14, 2022, which became approvable on January 15, 2025.

8. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the federal government responsible for administering and enforcing the immigration and naturalization laws of the United States. DHS is charged with implementing the INA and ensuring compliance with applicable federal laws, including the APA.

9. Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component agency of DHS and is responsible for administering the United States immigration and naturalization system, including adjudicating U nonimmigrant visas and Form I-765 applications.

10. Defendant Kristi Noem ("Noem") is the Secretary of DHS and the highest-ranking official within the Department. In her official capacity, she is responsible for the administration and oversight of DHS and its component agencies, including USCIS. Noem is sued in her official capacity.

11. Defendant Angelica Alfonso-Royals ("Alfonso-Royals") is the Acting Director of USCIS and the highest-ranking official within the agency. In her official capacity, she is responsible for ensuring USCIS's compliance with the INA, the APA, and all other applicable laws. Alfonso-Royals is sued in her official capacity.

12. Defendant Thomas Schuurman is the Director, Senior Executive Service, Nebraska Service Center, USCIS, which currently has Plaintiff's Form I-765 application for employment authorization since May 14, 2022. He is sued in his official capacity, as well as any

successors or assigns.

## THE FACTS

13. Plaintiff Eva Alonzo Almendarez, age 40, is a citizen of Honduras. She entered the United States unlawfully at ag 15, in 2000, and has resided here with her family in Texas since.. She applied for U visa nonimmigrant status on May 14, 2022. The USCIS determined her U visa application was bona fide in a decision dated January 15, 2025, indicating also that she is eligible to apply for work authorization. Complaint for Mandamus, Exh. 1.

14. On May 14, 2025, Plaintiff filed Form I-765, application for work authorization, in category (c)(14), see 8 U.S.C. § 1184(p)(6), 8 C.F.R. § 274a.12(c)(14).

15. As of the date of this filing, Plaintiff's application remains un-adjudicated, despite the fact that it has now exceeded USCIS's own posted 3.5-month processing time. The last action shown on USCIS's own online "case status" portal merely indicates:

**Case Was Updated To Show Fingerprints Were Taken**

As of December 24, 2022, fingerprints relating to your Form I-765, Application for Employment Authorization, Receipt Number LIN2221850290, have been applied to your case. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

16. USCIS has provided no explanation for the delay in adjudicating the application. USCIS has not indicated that it has any reason to question the validity of the application, nor has it requested any additional evidence regarding the underlying basis, the bona fide U visa determination dating to January 15, 2025.

17. To date, USCIS has taken no discernible steps to complete adjudication of Plaintiff's I-765 application.

18. On July 8, 2025, Plaintiff submitted an online case inquiry through USCIS's online system for her work permit application, LIN2221850290. See Complaint for Mandamus, Exh. 3,

5

printout of her "Outside Normal Processing Time" request. However, no response has been received.

19. Plaintiff has exhausted all available administrative remedies in an effort to resolve the delay.

20. Defendants' failure to timely adjudicate the I-765 application has caused, and continues to cause, Plaintiff substantial hardship. Eva Alonzo has been determined to be a bona fide U visa applicant. She is the mother of three U.S. citizen children, whom she works hard to support with her husband, Ludwin Torres. Had USCIS adjudicated the petition in the ordinary course of business, the I-765 would have been approved, allowing her to work lawfully and obtain a U.S. social security card and state driver license.

21. This ongoing delay prevents Plaintiff from securing lawful work status and sacrifices her and her family's stability in the United States, subjecting her to continued uncertainty and distress.

## DEFENDANTS' DUTY TO ADJUDICATE PLAINTIFF'S ADJUSTMENT OF STATUS APPLICATION

22. Defendants have a nondiscretionary duty to adjudicate the petition within a reasonable time under 8 C.F.R. § 204.1(a)(1) and 5 U.S.C. § 555(b).

23. 8 U.S.C. § 1184(p)(6) and 8 C.F.R. § 274a.12(c)(14) gives the right for U visa applicants who have been determined to have bona fide applications to apply for work authorization.

24. 8 C.F.R. § 103.2(b)(18) limits deferral and compels timely decision-making.

25. The Defendants have sufficient information to determine eligibility but have unreasonably delayed action for over ten months, depriving Plaintiff of her statutory rights.

## COUNT ONE
## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

26. Plaintiff re-alleges and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1 to 27 above.

27. Defendants' failure to adjudicate and approve the Plaintiff's I-765 application violates the APA because adjudication is being "unreasonably delayed" under 5 U.S.C. § 706(1).

28. USCIS's own posted times show a 3.5-month limit for I-765s—well exceeded here.

29. The agency's delay is also "arbitrary, capricious, [and] not in accordance with law" under 5 U.S.C. § 706(2)(A).

30. Plaintiff has suffered irreparable harm.

## COUNT TWO
## (MANDAMUS)

31. Plaintiff re-alleges and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1 to 32 above.

32. Under 28 U.S.C. § 1361, Defendants owe a nondiscretionary duty, and Plaintiff has no other remedy.

33. Defendants must adjudicate I-765s per law and regulation.

34. There is no indication USCIS will act without court intervention, despite Plaintiff's repeated efforts.

35. The breach appears indefinite and causes continuing harm.

36. Plaintiff has suffered irreparable harm.

## PRAYER FOR RELIEF

The Plaintiff respectfully requests the Court to grant the following relief:

    A. Accept jurisdiction and maintain continuing jurisdiction of this action;

    B. Declare Defendants' actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. § 2201-02;

C. Issue a declaratory judgment or preliminary or permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiff's I-765;

D. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff's I-765 application on or before 30 days from the filing of this complaint, or within a reasonable period of time determined by this Court;

E. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq;

F. Grant such other relief as the Court deems necessary.

Dated: October 16, 2025

By: */s/ Stephen O'Connor*

**Stephen O'Connor, Esq.**
Texas Bar #24060351
Counsel for the Plaintiff
O'Connor & Associates, PLLC
7703 N. Lamar Blvd., Ste. 300
Austin, Texas 78752
Tel: (512) 617-9600
steve@oconnorimmigration.com